**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 1:25-cv-195-SM- |
| v. | ) | TSM |
| | ) | |
| DAVID MONTANUS and LISA | ) | **AMENDED COMPLAINT AND** |
| MONTANUS, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, the United States of America (the "United States"), alleges as follows:

## NATURE OF THE ACTION

1.      The United States brings this action to enforce the Housing Rights Subpart of the Violence Against Women Act Reauthorization Act of 2022, 34 U.S.C. §§ 12491–12496.

2.      The United States brings this action for injunctive relief and monetary damages on behalf of Complainant B.G. under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3612(o).

3.      The United States alleges that Defendants David Montanus and Lisa Montanus violated 34 U.S.C. § 12495 when they unlawfully penalized Complainant by evicting her and threatening eviction after she sought police assistance for domestic violence.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, 34 U.S.C. § 12495(d), and 42 U.S.C. § 3612(o).

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the District of New Hampshire.

## PARTIES AND THE SUBJECT PROPERTY

6.      Plaintiff is the United States of America.

7.      Complainant B.G. was a tenant of a single-family home located at 49 Drew Woods Drive, Derry, New Hampshire 03038 ("the Subject Property") from around August 31, 2021, to around August 2024. Complainant's minor children, K.H. and R.H., resided with her at the Subject Property.

8.      Complainant began a romantic relationship with Joshua Hicks in or around 2014. Complainant married Joshua Hicks in or around 2022. Mr. Hicks is the father of K.H. and R.H. Mr. Hicks resided at the Subject Property from around August 31, 2021, until around October 5, 2023. Complainant and Mr. Hicks are currently in divorce proceedings.

9.      Defendant David Montanus and Defendant Lisa Montanus reside in New Hampshire. Defendants co-owned the Subject Property from around August 30, 2021, to around April 4, 2024. Defendants are Mr. Hicks' parents.

## FACTUAL ALLEGATIONS

### *Complainant Moves Into the Subject Property*

10.      Defendants purchased the Subject Property on or around August 30, 2021, as a home for Complainant, Mr. Hicks, K.H., and R.H.

11.      Complainant and Mr. Hicks entered into an oral lease agreement with Defendants. Under this agreement, Complainant and Mr. Hicks paid $1,800 in monthly rent plus utilities to Defendants to live at the Subject Property. The parties characterized this as a "rent-to-own" arrangement, with a plan that Complainant and Mr. Hicks would eventually purchase the Subject Property from Defendants.

12.      From August 2021 through October 2023, Complainant, Mr. Hicks, and their children lived at the Subject Property and paid monthly rent and utilities. Defendants never informed Complainant of any desire to evict her or to sell the Subject Property.

13.     From August 2021 through October 2023, the police were never called to the Subject Property.

### *Complainant Requests Law Enforcement Assistance*

14.     On or around September 30, 2023, Mr. Hicks physically assaulted Complainant.

15.     On or around September 30, 2023, Complainant called her sister, Brianna G., and set up a "safe phrase." Complainant and Ms. G. established that if Complainant used that "safe phrase" in a future conversation, it would indicate that Ms. G. should call the police for emergency assistance on Complainant's behalf.

16.     Mr. Hicks' physical abuse of Complainant escalated in the following days. On or around October 4, 2023, Mr. Hicks smashed Complainant's cell phone.

17.     On or around the morning of October 5, 2023, Ms. G. tried to call and text Complainant. When she could not reach Complainant, she drove to the Subject Property.

18.     Complainant came out of the Subject Property with visible bruises and verbally told Ms. G. their previously established "safe phrase." Ms. G. drove away from the Subject Property and immediately called the Derry, New Hampshire Police Department on Complainant's behalf.

19.     Police officers drove to the Subject Property. Complainant then followed them back to the Derry Police Station, where she reported Mr. Hicks' violence against her. Derry Police Detective Kimberly Bouse interviewed Complainant for several hours.

20.     Based on Complainant's report, Mr. Hicks was arrested on or around the evening of October 5, 2024. Mr. Hicks was indicted on or around January 9, 2024, in New Hampshire Superior Court for second degree assault-strangulation-domestic violence, two charges of aggravated felonious sexual assault-domestic violence, attempted aggravated felonious sexual

assault-domestic violence, two charges of domestic violence-simple assault, and criminal restraint of Complainant. On July 9, 2025, Mr. Hicks pled guilty in a negotiated plea resolution, which included convictions for two counts of domestic violence, criminal mischief, and second-degree assault.

### *Defendants Evict Complainant*

21.     Complainant returned to the Subject Property on or around the afternoon of October 5, 2023, to retrieve clothing and medication for her children.

22.     Defendant David Montanus was at the Subject Property when Complainant arrived, and Defendant Lisa Montanus joined shortly afterwards.

23.     Defendants informed Complainant that she no longer lived at the Subject Property and demanded Complainant's key and garage opener.

24.     Defendants had locked the doors to the Subject Property, placed weights in front of doors to block access, and changed the garage code so that Complainant could not enter the Subject Property.

25.     Complainant could see that Defendants had moved her possessions from the house into the garage.

26.     At Defendants' demand, Complainant gave her key and garage opener to Defendants.

27.     On or around the evening of October 5, 2023, Detective Bouse attempted to execute a search warrant at the Subject Property. Because the Subject Property was locked, Detective Bouse contacted Defendants to gain access to the Subject Property.

28.     Defendant Lisa Montanus provided Detective Bouse with Complainant's key to the Subject Property.

29.     Defendant Lisa Montanus informed Detective Bouse that Complainant was a "guest" at the Subject Property and was no longer welcome.

30.     After the search warrant was executed, Defendant Lisa Montanus tried to retrieve the key. Detective Bouse refused and told Defendant Lisa Montanus that the key belonged to Complainant.

31.     Detective Bouse returned the key to Complainant on or around October 6, 2023. Complainant and her children then resumed living at the Subject Property.

### *Defendants Threaten to Evict Complainant and Sell the Subject Property*

32.     On or around October 25, 2023, Defendants served Complainant with an eviction notice. This eviction notice stated that the reason for lease termination was that Defendants intended to sell the Subject Property.

33.     Complainant received a final Domestic Violence Order of Protection on or around October 31, 2023. She filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") on or around November 15, 2023.

34.     Defendants did not proceed with the eviction noticed on or around October 25, 2023, and Complainant and her children remained at the Subject Property.

35.     On or around March 21, 2024, Defendants served Complainant with a second eviction notice.

36.     On or around April 4, 2024, Defendants sold the Subject Property.

37.     The new owner served Complainant with an eviction notice. Complainant was awarded a discretionary stay to remain in the Subject Property until October 2024.

38.     Complainant, K.H., and R.H. moved out of the Subject Property in or around August 2024.

*HUD Complaint and Charge of Discrimination*

39.     On or around November 15, 2023, Complainant filed a timely complaint with HUD alleging that Defendants had engaged in one or more discriminatory housing practices.

40.     In accordance with 34 U.S.C. § 12495(d) and 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

41.     Based on the information gathered in the investigation, the Secretary, under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3610(g), determined that reasonable cause existed to believe that Defendants violated the Housing Rights Subpart of the Violence Against Women Act Reauthorization Act of 2022, 34 U.S.C. §§ 12491–12496.

42.     On January 15, 2025, the Secretary issued a Charge of Discrimination under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3610(g)(2)(A).

43.     On January 30, 2025, Defendants elected to have the charge resolved in a federal civil action under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3612(a).

44.     On January 31, 2025, the Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceedings. The Administrative Law Judge issued an Amended Notice of Election on February 10, 2025.

45.     On February 4, 2025, the Secretary of HUD authorized the Attorney General to commence a civil action on behalf of Complainant under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3612(o).

46.     The United States and Defendants entered into agreements tolling the expiration of the statute of limitations under 34 U.S.C. § 12495(d) and 42 U.S.C. § 3612(o) through June 2, 2025.

## CAUSE OF ACTION

### VIOLENCE AGAINST WOMEN ACT

47.     The United States realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 46 as if set forth here in full.

48.     By the conduct described in the foregoing paragraphs, Defendants have penalized a tenant, resident, occupant, or guest of housing based on her request for law enforcement or emergency assistance, in violation of 34 U.S.C. § 12495(b)(1)(B).

49.     By the conduct described in the foregoing paragraphs, Defendants evicted and threatened to evict Complainant in violation of 34 U.S.C. § 12495(b)(2)(B).

50.     Complainant is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i) and 34 U.S.C. § 12495(d), and has suffered damages as a result of Defendants' unlawful conduct. Complainant's damages include emotional distress as well as out-of-pocket expenses.

51.     Defendants' conduct was intentional, willful, or taken in reckless disregard of the rights of Complainant.

### PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court enter an order that:

a.     Declares that the Defendants' discriminatory practices, as alleged in this complaint, violate the Housing Rights Subpart of the Violence Against Women Act Reauthorization Act of 2022, 34 U.S.C. §§ 12491–12496;

b.     Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them from penalizing any landlords, homeowners, tenants, residents, occupants, and guests of, and applicants for, housing based on their requests for law enforcement or emergency assistance in violation of 34 U.S.C. § 12495(b)(1)(B);

c.      Awards monetary damages, including compensatory and emotional distress damages, to Complainant B.G. under 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1), and 34 U.S.C. § 12495(d); and

d.      Awards such additional relief as the interests of justice may require.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the United States hereby demands a trial by jury.

Dated: July 16, 2025

Respectfully Submitted,

<table>
<tr><td></td><td>PAMELA BONDI<br>Attorney General</td></tr>
<tr><td>JOHN J. MCCORMACK<br>Acting United States Attorney<br>District of New Hampshire</td><td>HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division</td></tr>
<tr><td></td><td>MICHAEL E. GATES<br>Deputy Assistant Attorney General<br>Civil Rights Division</td></tr>
<tr><td></td><td>CARRIE PAGNUCCO<br>Chief<br>Housing and Civil Enforcement Section</td></tr>
<tr><td>RAPHAEL KATZ<br>Assistant United States Attorney<br>United States Attorney's Office<br>District of New Hampshire<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br>Phone: (603) 225-1552<br>Fax: (603) 225-1470<br>Email: raphael.katz@usdoj.gov</td><td>/s/ Anna Purinton<br>MEGAN K. WHYTE DE VASQUEZ<br>Deputy Chief<br>ANNA PURINTON<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>150 M Street NE<br>Washington, DC 20530<br>Phone: (202) 598-7768<br>Fax: (202) 514-1116</td></tr>
</table>

Email: anna.purinton@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Amended Complaint was filed on July 18, 2025, by use of the

Court's ECF filing system and was served on counsel for Defendants David Montanus and Lisa

Montanus, via email with counsel's consent, to:

J. Daniel Marr: dmarr@hamker.com
Brittney M. White: bwhite@hamker.com
Hamblett & Kerrigan P.A.

*/s/ Anna Purinton*
Anna Purinton
*Attorney for Plaintiff*
